IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES BECKER | * | |
| | * | |
| Plaintiff | * | |
| v. | * | |
| | * | Civil Action No. CCB-21-399 |
| BUCKINGHAM'S CHOICE, INC., et al. | * | |
| | * | |
| Defendants | * | |

************

## MEMORANDUM & ORDER

Pending before the court are the defendants' motions to dismiss (ECF 3, ECF 20); the plaintiff's motion to remand the case to state court (ECF 15); the plaintiff's motion to hold briefing on the motion to dismiss in abeyance (ECF 16); and the plaintiff's motion for leave to file an amended complaint (ECF 19). For the following reasons, the court will grant the motion for leave to file an amended complaint and the motion to remand, and will deny the balance of the motions without prejudice or as moot.

On December 4, 2020, the plaintiff James Becker filed a complaint in the Circuit Court for Frederick County alleging claims under Maryland's Fair Employment Practices Act (FEPA) against defendants Buckingham's Choice Inc. and Integrace Management, Inc., his former employers, for refusal to make a reasonable accommodation of his disability. (ECF 1-2, Compl.). In a section of his complaint entitled "Punitive Damages," Becker further alleged that the defendants "singled me out for discrimination due to [a] previous filing of an OSHA complaint." (*Id.* at 2).

The defendants removed the case to federal court, alleging the court had federal question jurisdiction based on the allegation that the defendants retaliated against Becker for protected activity under OSHA, 29 U.S.C. § 660. The defendants then moved to dismiss the complaint.

1

(ECF 3). Thereafter, Becker filed a motion to remand the case to state court (ECF 15), arguing that his "mere mention of an OHSA complaint as one motive for defendant to violate my civil rights" did not create federal jurisdiction, and that the distance of the federal court from his home was highly inconvenient for him. (*Id.* at 3, 6). He also filed a motion to hold briefing on the motion to dismiss in abeyance until his motion to remand was resolved. (ECF 16).

Following the completion of briefing on the motion to remand, Becker filed a motion for leave to file an amended complaint, arguing an amendment is appropriate, among other reasons, to show the "impossibility of pursuing a federal question." (ECF 19 at 1). The attached proposed amended complaint asserts a FEPA claim based on the same facts as the original complaint but removes all references to OSHA and retaliation. (ECF 19-1, Amended Compl.).

Leave to amend should be freely granted under Rule 15(a), and amendments are generally accepted absent futility, undue prejudice, or bad faith. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Matrix Capital Mgmt. Fund, LP v. BearingPoint*, *Inc*., 576 F.3d 172, 193 (4th Cir. 2009). Here, the defendants have not opposed the motion to amend, and instead have filed a motion to dismiss the amended complaint. (ECF 20). Thus it appears permitting the amendment will not prejudice the defendants. And the defendants' preference for addressing the amended complaint on its merits signals that the motion for leave to amend is neither futile nor in bad faith. Accordingly, the court will grant Becker's motion for leave to file an amended complaint. The amended complaint (ECF 19-1) is now the operative complaint and the defendants' motion to dismiss the original complaint will be denied as moot. *See Fawzy v. Wauqiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017).

Because the amended complaint removes all prior references to OSHA, it is apparent that no federal claims, the basis for the court's jurisdiction, remain in the case. When a removed

complaint consisting of both federal and state-law claims is later amended to exclude the federal claims, or the federal claims have otherwise dropped out of the case and only pendent state-law claims remain, the court has the discretion to remand the case to state court. *See* 28 U.S.C. § 1367; *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

The defendants argue that the court should retain jurisdiction here because the amendment is a manipulative attempt to defeat federal jurisdiction and Becker's failure to accommodate claim under state law is analogous to a claim under the ADA with which the court is familiar, citing *Dixon v. The Donaldson Group*, Case No.: PWG-17-2447, 2018 WL 2183391, at *2–3 (D. Md. May 11, 2018). In *Dixon*, the plaintiffs brought disability discrimination claims under the Fair Housing Act, misrepresentation, and other state-law tort claims against their apartment complex. *Id.* at *1. The defendants removed the case to federal court, and, thereafter, the plaintiffs filed a second amended complaint that removed references to the FHA and included counts for unlawful discrimination under the equivalent state anti-discrimination law. The plaintiffs also filed a motion to remand. *Id.* To determine whether to retain jurisdiction, the court balanced the "*Cohill* factors" of "judicial economy, convenience, fairness, and comity," and also considered whether the plaintiff had engaged in tactics to manipulate the forum. *Id.* at *2–3 (citing *Cohill*, 484 U.S. at 350, 357). The court found that the plaintiffs had originally purposefully pleaded a federal claim, that their new claim under the state analogue to the FHA relied on the same facts, and that this was evidence that the plaintiffs amended solely in an attempt to strip jurisdiction from the court. *Id.* The court also found that the state law claim was analogous to their original FHA claim such that deference and comity did not weigh significantly in favor of resolution in state court, and the factors of judicial economy and convenience weighed against remand because the case had been proceeding before the court for eight months and remanding the case would only prolong it. *Id.*

Generally, when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Cohill*, 484 U.S. at 350 n.7. Here, the defendants are correct that Becker's FEPA claim is one with which the court is familiar, as it is essentially an analogue to an ADA claim; at the same time, Becker has never presented an ADA claim, unlike in *Dixon*. As for convenience, fairness, and judicial economy, the case is still at a very early stage, it has been proceeding for only five months, and Becker raises issues of convenience that weigh against retaining jurisdiction. His home in Frederick is about fifty miles away from the federal courthouse, much further than the circuit court in Frederick, and he fears traveling back and forth to the federal courthouse to ensure the timely filing of documents will become prohibitively expensive for him. (ECF 15 at 3–4). More significantly, this is not a clear a case of forum manipulation. Becker plausibly argues he never intended to assert an OSHA claim at all, and his amended complaint clarifies his intent by removing all references to the statute. This is unsurprising, given that his reference to OSHA in his original complaint is almost in passing, unlike in *Dixon*, in which the plaintiff clearly pleaded an FHA claim. Moreover, the facts that might have supported an OSHA retaliation claim do not appear to be related to the facts pled in the original or the amended complaint, which relate only to the defendants' alleged failure to make a reasonable accommodation following a medical procedure Becker had. (ECF 1-2; ECF 19-1). Becker having clarified the scope of his claims, he will be permitted to proceed in state court, his original choice of forum. *See Shilling v. Northwestern Mut. Life Ins. Co.*, 423 F. Supp. 2d 513, 519, 521 & n.18 (D. Md. 2006) (plaintiff's second dismissal of federal claims in an effort to return case to state court not in bad faith and did not outweigh other factors in favor of remand).

Accordingly, it is hereby Ordered that:

1. The defendants' motion to dismiss the plaintiff's original complaint (ECF 3) is DENIED as moot;

2. The plaintiff's motion for leave to amend (ECF 19) is GRANTED;

3. The plaintiff's motion to remand (ECF 15) is GRANTED;

4. The plaintiff's motion to hold briefing on the first motion to dismiss in abeyance (ECF 16) is DENIED as moot;

5. The defendants' motion to dismiss the amended complaint (ECF 20) is DENIED WITHOUT PREJUDICE;

6. The case IS REMANDED to the Circuit Court for Frederick County;

7. The Clerk shall SEND a copy of this Memorandum & Order to the plaintiff and counsel of record; and

8. The Clerk shall CLOSE this case.

| | |
|---|---|
| 8/2/2021 | /S/ |
| Date | Catherine C. Blake |
| | United States District Judge |